### No. 36

### DAVIS v. ATLAS ASSURANCE CO.

No. 18868, Supreme Court

Before Supreme Court on motion to certify, dock. 12-17-24. 3 Abs. 2.

647. INSURANCE—Gasoline tanks—Ignited by passing railway engine—Negligence of owner of property.

The Atlas Assurance Co. brought suit in the Cuyahoga Common Pleas against the Erie Rd. Co. and James Davis, Director General of Railroads, to recover an amount the Assurance Co. had paid to the Great Western Oil Co., the insured under certain fire insurance policies, by reason of loss by fire, of gasoline and oil belonging to the Great Western Oil Co. Judgment in Common Pleas Court was for the Great Western Oil Co. The case on being taken to the Court of Appeals was reviewed, and judgment was affirmed as against Davis, but reversed as to the Erie Rd. Co.

A stipulation of facts between the parties brought to light that the gasoline tank car, standing on a siding, was being tested by an employe of the Oil Co., who found it impossible to replace the lid on the tank, and that the firebox of a passing locomotive ignited the fumes escaping from such tank, destroying 2 carloads of high test gasoline, and one of oil, together with the machinery contained therein.

The plaintiff in error claims that under 8970 GC., which recites that a Railroad Co. is liable for all losses or damages on land belonging to it caused by operating such road; no liability is created, and under 8952 GC. the railroad may avoid what liability is imposed by 8970 GC. by showing that the owner of property damaged was neglegent in permitting his property to remain as if no railroad passed through or near such property; and if scintilla of evidence exists as does in the instant case it should be submitted to a jury.

The issues before the Supreme Court in this case are:

1. Is Sec. 8970 GC., as construed by the lower courts, unconstitutional?

2. Did facts in the case under 8972 GC. raise a question for the jury?

3. Does, or does not liability exist, if owner of property is found to be negligent?

Attorneys—Cook, McGowan, Foote, Bushnell & Burgess, Cleveland, for Davis; Young and Vroonan and Mooney, Bibbee, and Edmunds, Columbus, for Assurance Co.

---

### No. 37

### FLORA L. EDSON v. MAE F. EDSON

No. 18859. Supreme Court of Ohio
Before the court on motion to require Lucas Appeals to certify record, dock. 12-12-24, 3 Abs. 2.

748. MARRIAGE—Validity of when one party is under statutory age.

The question presented in this case is, whether a marriage where one of the parties is under the statutory age, eighteen for the male and sixteen for the female, as provided in 11181 GC., is void or voidable only.

Welcome Eugene Edson, a young man in his twenties, was killed on the Hocking Valley Railroad at Walbridge, Ohio, on June 18, 1921. then being in the employ of the railroad company. The defendant in error, Mae F. Edson, claiming to be his wife, applied for letters of administration from the Seneca Probate Court which were granted to her soon thereafter. Flora L. Edson, the mother of the young man who was killed, and May Snyder, his sister, filed motions in the Probate Court for a vacation of the order appointing Mae as administratrix, for the reasons, first, that at the time of the death of the said Edson he was not a resident of Seneca County, but was a resident of Lucas County, that he never had been a resident of Seneca County, and that his property was located in Toledo; and, second, that the said Mae Edson was not the wife of the decedent, and consequently was not his widow or next of kin.

The evidence showed that Mae had been married when she was fifteen years six months old to a man named Joseph Lydon, and had never been divorced from him, nor had any decree of annulment been entered. Joseph Lydon is still living. When confronted with that proof, she claimed that her marriage to Joseph Lydon was void because of the fact that she was under the statutory age, and that consequently her marriage with Edson was valid, and she was his widow and next of kin, and thus was entitled to be appointed administratrix of his estate.

The Probate Court held against Mae but the Common Pleas reversed the probate, and the appeals affirmed the common pleas.

Attorneys—Fritsche, Kruse and Winchester, for Flora; Perry J. Bingham, for Mae; all of Toledo.